**Stuart M. BERGER, M.D., Plaintiff,**

v.

**KING WORLD PRODUCTIONS, INC., Charles Lachman, Jane or John Doe, and Inside Edition, Inc., a/k/a Inside Edition, Defendants.**

**No. 90–CV–70109–DT.**

United States District Court, E.D. Michigan, S.D.

March 21, 1990.

---

Anthony Mucciante and Russell Ethridge, Moll, Desenberg & Bayer, Detroit, Mich., for plaintiff.

Edward Rosenthal and Russell Smith, Frankfurt, Garbus, Klein & Selz, New York City, and Steven Cochell, Detroit, Mich., for defendants.

AMENDED ORDER OF TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

HACKETT, District Judge.

Plaintiff Stuart M. Berger, M.D., a New York resident, is a physician with a nationally-known diet program and medical practice. He has substantial business and corporate interests in Michigan and his diet product is manufactured here. Defendant Inside Edition, Inc., a/k/a Inside Edition, is a profit-making New York corporation which produces and broadcasts a nationally-syndicated television program entitled "Inside Edition." It is televised regularly in Michigan and has Michigan sponsors. Defendant King World Productions, Inc., also a profit-making New York corporation, owns Inside Edition. Defendant Charles Lachman, a New York resident, is a producer of Inside Edition and defendant Amy Wasserstrom (designated as "Jane Doe" in the amended complaint) is an Inside Edition journalist and producer.

This suit arises from defendants' investigation into plaintiff's medical practice. In the course of this investigation defendants sent Wasserstrom on at least three occasions to plaintiff's New York office, where she gained entry claiming to be a patient. During these office visits, Wasserstrom caused videotapes of the office visit to be made surreptitiously. Defendants then informed plaintiff that they intended to broadcast the videotapes as part of their report on plaintiff's medical practice. Plaintiff objected and initiated this suit in the United States District Court for the Eastern District of Michigan.

Pursuant to 28 U.S.C. § 1404(a) defendants have filed a motion for transfer of venue to the United States District Court for the Southern District of New York.

*Procedural Background*

A.

Plaintiff initiated this suit on January 12, 1990, by filing his complaint and a motion for a temporary restraining order (TRO). The complaint and the motion for a temporary restraining order named only King Features Services, Inc. as defendant and alleged that defendant's acts constituted (1) violations of 18 U.S.C. § 2511(d), which prohibits the interception of a communication even when a party consents, if the interception is for the purpose of committing a crime or a tort; (2) invasion of privacy; and, (3) fraud. Plaintiff requested (1) that the court restrain defendant from broadcasting or otherwise using the information

contained in the tapes; (2) that the court restrain defendant from conducting further illegal activities; and, (3) an award of $10,-000,000.00 in damages. In his motion for a temporary restraining order plaintiff sought to restrain use of the video and/or audio tapes that defendant had produced.

Plaintiff amended his complaint on January 18, 1990. The amended complaint dropped King Features Services, Inc. as defendant and instead named the following parties: King World Productions, Inc., Charles Lachman, Jane or John Doe,[1] and Inside Edition, Inc., a/k/a Inside Edition. It also contained a fourth count against defendants—trespass.

On January 18, 1990, a New York law firm filed a brief in opposition to the temporary restraining order purportedly on behalf of its client Inside Edition. New York counsel did not state in those pleadings whether or not it represented the other named defendants, nor has it to date filed any notice of appearance with this court. Nevertheless, on January 23, 1990, New York counsel filed a motion for transfer of venue (which is the subject of this order) on behalf of King World Productions, Inc., Charles Lachman, and Inside Edition, Inc. —but not on behalf of Jane or John Doe. In defendants' brief filed with the court in reply to its motion to transfer venue, however, the New York firm referred to itself as attorney for "defendants," and those pleadings were captioned with the same names as all defendants in the amended complaint. Again, in defendants' answer to the amended complaint filed on February 26, 1990, New York counsel referred to itself as attorney for *all* defendants named in the amended complaint, and spelled out the names of all defendants—King World

Productions, Inc., Charles Lachman, Jane or John Doe, and Inside Edition, Inc., a/k/a Inside Edition.[2]

## B.

The amended complaint alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). In their answer, defendants merely use boiler-plate language to challenge jurisdiction. Their pleadings never specify why this court lacks jurisdiction nor did counsel seriously challenge jurisdiction in any appearances before this court. Relying on plaintiff's allegation that defendants violated a federal wiretap statute, 18 U.S.C. § 2511, the court concludes that jurisdiction is proper in a federal district court.

 There is no dispute that the two corporate defendants are properly before this court. See 28 U.S.C.A. § 1391(c) and its commentary.[3] However, the court surmises from the pleadings and documents before it that plaintiff did not effect proper service on the individually named defendants. Plaintiff attempted service on the individual defendants pursuant to Fed.R. Civ.P. 4(c)(2)(C)(ii), which permits a plaintiff to mail a copy of the summons and the complaint to each defendant with an acknowledgment for service that substantially conforms to form 18–A noted in Fed.R. Civ.Proc. The rule specifically mandates that the defendant return the acknowledgment for service to the sender in order for service to be complete. The record indicates this was not done in this case. While plaintiff apparently mailed copies of the summons and complaint to the individually-named defendants, no return of the acknowledgments for service are a part of

---

**1.** The parties agree that Jane Doe is in fact Amy Wasserstrom.

**2.** On January 30, 1990, a Detroit law firm filed an appearance simply on behalf of "defendants." The caption on that notice of appearance included all defendants named in the amended complaint.

**3.** Subdivision (c) now provides that the corporation is to be deemed a resident of any judicial district in which "it is subject to personal jurisdiction at the time the action is commenced". This means that anything that would make the

corporation amenable to jurisdiction in that district, or permit extraterritorial service of the court's summons under any of several well known tests, would ipso facto make that district a proper venue as well.

The corporation's "doing business" is one such test. A showing that the corporation is regularly doing business in the district subjects it to the personal jurisdiction of the courts there and hence makes that district a proper venue in an action against the corporation.

the court record. Green post office receipts acknowledging delivery of certified mail to defendants will not satisfy the requirements of acknowledgment for service under Rule 4(c)(2)(C)(ii). *Monk v. Sturm*, No. 89–2283, 1990 WL 5123 (E.D.Pa., January 24, 1990) (available on LEXIS 1990 U.S. Dist. 767). Even if plaintiff's mailings were an attempt to effect service pursuant to Rule 4(c)(2)(C)(i), which permits a plaintiff to serve a defendant pursuant to the law of the state in which the district court sits, plaintiff's attempt to serve the individual defendants was ineffective.[4]

### The Federal Law of Venue

The court must address plaintiff's service of process on all four defendants and New York counsel's ambiguous representation of them because the availability of service of process on all defendants must be considered in determining appropriate venue.

The court draws two conclusions from the actions of the parties: (1) by amending his complaint to add the individually-named defendants, plaintiff clearly has indicated that he intends that those persons be parties to this litigation; and, (2) New York counsel's filing of pleadings in the court, including its answer filed in response to plaintiff's amended complaint seeking injunctive relief, in which they represent themselves also as attorneys for the individually-named defendants, and in which they challenge jurisdiction and venue, constitutes an appearance by them on behalf of those defendants.[5] The court thus proceeds to its examination of defendants' motion for transfer of venue, recognizing that the parties anticipate all four defendants will be parties to this action.

Both the complaint and the amended complaint state that venue is proper in this court pursuant to 28 U.S.C. § 1391. This provides little guidance to the court. Section 1391 is entitled "[v]enue generally" and, except as otherwise provided by law, this section is the basis for venue in *any* federal case. Plaintiff has not specified which of the six subsections of § 1391 he is relying upon to place venue in this court. Rather than responding to plaintiff's pleadings, defendants seek a transfer of venue pursuant to 28 U.S.C. § 1404(a). The court accordingly proceeds with its own analysis to address proper venue in this case.

■ The record evidences the fact that all parties in this case reside in New York. Venue is thus determined under 28 U.S.C. § 1391(b), which states in pertinent part that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." The court is unaware of any statutory provision that makes an exception for venue in a suit that arises pursuant to 18 U.S.C. § 2511.

Based on the record at this time, the court must find that venue in this matter is proper only in New York, which is where all defendants reside and where the claim arose.

Further, based upon the above determination, the court need not consider the reasons raised by the parties in the motion to transfer venue. Accordingly,

IT IS ORDERED that the above-captioned matter hereby is transferred to the United States District Court for the Southern District of New York.

---

4. M.C.L.A. § 600.1912 states that "[s]ervice of process may be made upon an individual by leaving a summons and a copy of the complaint with the defendant personally." Rule 2.105(A)(2) of the Michigan Rules of Court, like Fed.R.Civ.P. 4, permits service by mail, but only if "the defendant acknowledges receipt of the mail. A copy of the return receipt *signed by the defendant* must be attached to proof showing services under subrule (A)(2)" (emphasis added). No such proof was attached in the matter at hand.

5. Defendants' answer employs general and conclusory language to challenge proper venue. An objection to venue, however, must be raised with specificity. Wright, Miller & Cooper, 15 Federal Practice and Procedure: Jurisdiction 2d § 3826.